**Original filed 7/25/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GEORGE EUGENE PATUNAS,<br><br>        Petitioner/Defendant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent/Plaintiff. | Case Number CV 05-01418 JF<br>                CR 01-20061-02 JF<br><br>ORDER[1] DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

Petitioner/Defendant George Eugene Patunas ("Petitioner") moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has read the moving and responding papers, and has considered the applicable law. For the reasons set forth below, the motion will be denied.

**I. BACKGROUND**

On April 12, 2001, Petitioner was indicted for two counts relating to cocaine trafficking in the so-called "Andes Outback Case." On November 20, 2003, Petitioner entered into a plea

---

[1] This disposition is not designated for publication and may not be cited.

agreement with the United States Attorney's Office for the Northern District of California ("Government"). Under the agreement, Petitioner waived his right to a grand jury indictment and pled guilty to a superceding information charging him with interstate or foreign travel in aid of unlawful activity in violation of 18 U.S.C. § 1952(a)(3). The agreement stated that Petitioner had deposited "the equivalent of approximately $1,100,000 United States dollars" into bank accounts in Sydney, Australia. It further stated that Petitioner's sentence would be calculated as follows:

| | | | |
|---|---|---|---|
| a. | Base Offense Level, U.S.S.G. §§ 2E1.2(a)(2), 2S1.1(a)(2), 2S1.1.(b)(1), and 2S1.1(b)(2)(F) (Versions in effect during 1997-1999) | | 28 |
| b. | Specific offense characteristics: | | None |
| c. | Amount of loss/drugs: | | $1,100,000 |
| d. | Increase/decrease for role in the offense: | | 0 |
| e. | Acceptance of responsibility: (If I meet the requirements of U.S.S.G. § 3E1.1) | | -3 |
| f. | Adjusted offense level | | 25 |

Plea Agreement ¶ 7.

The plea agreement, which was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), called for an agreed sentence of sixty months of imprisonment, a term of supervised release, a fine and a $100 special assessment. In the agreement, Petitioner waived his right to appeal and his right to seek relief under 28 U.S.C. § 2255 except for relief based on ineffective assistance of counsel. Based on the plea agreement, this Court sentenced Petitioner on March 16, 2004 to sixty months imprisonment, two years' supervised release and a $100 special assessment. The Court dismissed counts 1 and 2 of the original indictment and all counts other than the count to which Petitioner pled.

On March 25, 2005, pursuant to 28 U.S.C. § 2255, Petitioner mailed to the Court a motion to vacate, set aside or correct his sentence. The motion was filed on April 7, 2005. On May 11, 2005, the Government filed its Reply. On June 15, 2005, Petitioner filed an amended motion which included numerous allegations of ineffective assistance of counsel (discussed below). On July 22, 2005, the Government filed a Second Reply in response to Petitioner's June

15 filing.  In two letters dated August 23, 2005 and October 23, 2005, Petitioner indicated that he had not received the Government's Second Reply.  Petitioner was sent a copy of the Second Reply on November 4, 2005, at which time he was advised that the motion was under submission and that he would be advised by mail when a decision was issued.  Plaintiff has filed nothing further in support of the instant motion.

## II.  LEGAL STANDARD

A prisoner in federal custody may move the sentencing court to vacate, set aside or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  *United States v. Blaylock*, 20 F.3d 1458, 1456 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  In deciding whether the movant is entitled to an evidentiary hearing, the district court should determine if, assuming the truth of the movant's claims, he could prevail.  *Id.*

Claims of ineffective assistance of counsel are reviewed pursuant to the two-prong test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, the petitioner must show that his counsel's performance was deficient.  This requires showing that defense counsel made errors so serious that representation fell below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.  The relevant inquiry is not what defense counsel could have done, but rather whether the choices made by defense counsel were reasonable.  *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998).  "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation."  *Henley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995) (citation omitted).  "Tactical decisions that are not objectively unreasonable do not constitute ineffective

3

assistance of counsel." *Id.*

Second, the petitioner must show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88. Merely showing that the defense was impaired is insufficient. *Id.* at 693. The petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

## III. DISCUSSION

Petitioner has waived his right to challenge his conviction and sentence on any ground other than ineffective assistance of counsel. His plea agreement states: "I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated." Plea Agreement ¶ 5. Accordingly, only Petitioner's claims regarding ineffective assistance of counsel are properly before this Court.

Petitioner claims that his counsel (1) was not diligent in preparing his case for trial, (2) failed to perform any discovery, (3) failed to attempt to exclude any of the Government's witnesses against him, (4) failed to take depositions or interview the Government's witnesses, (5) failed to negotiate a just and reasonable plea agreement accurately reflecting his role in the offense, (6) negotiated a plea agreement that over-stated the amount of money Petitioner had deposited, resulting in a five-level enhancement, (7) allowed and contributed to a sentence that was excessive and unfair in light of the sentences in related cases identified in Petitioner's pre-sentence report, (8) failed to offer amendments to or object to the content of the pre-sentence report, (9) failed to call witnesses on Petitioner's behalf and (10) failed to file a timely appeal to preserve meritorious issues.

A.  <u>Lack of Diligence in Preparing for Trial</u>

Petitioner first claim is that counsel was not diligent in preparing Petitioner's case for trial. However, Petitioner makes no specific factual allegations with respect to deficiencies in

4

counsel's preparations. As a result, this claim fails both prongs of the *Strickland* test. Presented only with a vague allegation that counsel was not diligent, the Court has no basis for concluding that counsel's performance, which is presumed to be reasonable, actually fell outside of the wide range of reasonable representation. In the absence of specific allegations of neglect by counsel that prejudiced the outcome of his case, Petitioner has not demonstrated a reasonable probability that the outcome would have been different but for counsel's alleged lack of diligence.

B.  Lack of Discovery

Petitioner next alleges that counsel failed to perform any discovery. However, he makes no allegations as to the existence of evidence that might have been helpful to his case. Petitioner makes no showing that counsel's conduct was unreasonable under professional standards, nor does he explain how counsel's alleged omission prejudiced the outcome of the proceedings. Thus, this aspect of Petitioner's claim also fails under both prongs of *Strickland*.

C.  Failure to Depose, Interview or Exclude Government Witnesses

Petitioner's third and fourth claims, alleging that counsel failed to exclude, depose or interview any of the Government's witnesses satisfy neither prong of *Strickland*. First, Petitioner makes no allegations identifying particular witnesses that could have been deposed, interviewed, or excluded; nor does he explain whether or how counsel's conduct was unreasonable under prevailing professional standards. Second, Petitioner makes no claims as to how counsel's decision not to depose, interview or attempt to exclude the Government's witnesses prejudiced the outcome of the proceedings—for example, the contents of the plea agreement or Petitioner's decision to enter into the plea agreement rather than stand trial on the original, more serious charges.

D.  The Plea Agreement

In his fifth claim, Petitioner alleges that counsel "failed to negotiate a just and reasonable plea agreement" with a lower offense level and lighter sentence that reflected Petitioner's actual role. Although Petitioner no doubt would have preferred a lighter sentence, there is no indication either in the record or in the moving papers that a more favorable plea agreement would have been possible, nor is there any indication that the agreement overstates Petitioner's criminal role.

At the time he entered into the plea agreement, Petitioner faced charges related to cocaine trafficking that carried a ten-year mandatory minimum penalty and might have resulted in imprisonment for life.  Petitioner has provided the Court with no basis for concluding, under these circumstances, that the plea agreement was either unjust or unreasonable under prevailing professional standards.  Nor has Petitioner shown prejudice in the outcome.  Notably, Petitioner claims that "but for the said ineffective assistance, that the original draft [of the plea agreement] would have been the final copy."  Amended Petition ¶ 10.  However, the draft copy of the agreement that Petitioner has provided (accompanying his original petition), includes the *same sentence* as that in the final agreement.  Petitioner's Exhibit 1 ¶ 8; Plea Agreement ¶ 8.

E.   Amount of Loss

Petitioner's sixth claim is that counsel was ineffective in negotiating to a plea agreement that specified the amount of loss at $1,100,000, which Petitioner claims resulted in a five-level enhancement to the offense level.  The Government contends, however, that the calculation "did not include any specific offense characteristics."  A close look at the plea agreement reveals that Petitioner is correct on this factual point.  The "Base Offense Level" is based on several sections of the guidelines, including § 2S1.1.(b)(2)(F), under the heading "Specific Offense Characteristics," which specifies a five-level enhancement where the amount of loss exceeds one million dollars.[2]

---

[2] The relevant portion of U.S.S.G. § 2S1.1 read as follows:

§ 2S1.1. Laundering of Monetary Instruments

(a) Base Offense Level:
(1) 23, if convicted under 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A);
(2) 20, otherwise.
(b) Specific Offense Characteristics
(1) If the defendant knew or believed that the funds were the proceeds of an unlawful activity involving the manufacture, importation, or distribution of narcotics or other controlled substances, increase by 3 levels.
(2) If the value of the funds exceeded $100,000, increase the offense level as follows:

| Value (Apply the Greatest) | | Increase in Level |
|---|---|---|
| (A) | $100,000 or less | no increase |
| (B) | More than $100,000 | add 1 |
| (C) | More than $200,000 | add 2 |

6

1  Nonetheless, Petitioner fails to show how the admitted amount of loss and the resulting
2 enhancement demonstrate that he received ineffective assistance of counsel.  While Petitioner
3 now claims that the amount of loss with which he was involved was less than $1,000,000, he
4 admitted during the plea colloquy that the Government's statement that he had deposited
5 $1,100,000 was true and correct.  Petitioner provides no basis for this Court to conclude that
6 counsel's stipulation to the higher amount, to which Petitioner voiced no objection, was outside
7 the range of reasonable representation.  In addition, Petitioner fails to show prejudice to the
8 outcome.  The draft of the agreement that Petitioner claims would have been finalized but for the
9 alleged ineffectiveness includes a *higher* adjusted offense level (28) than that in the final
10 agreement (25).

F.  Pre-Sentence Report

Petitioner's seventh and eighth claims, asserting that his sentence was unfair and excessive in light of the related cases listed in his Pre-Sentence Report ("PSR"), and that counsel was ineffective for failing to object to or offer amendments to the report, fail to provide a basis for relief.  While the PSR shows that three defendants in related cases who pled guilty to a different charge received lighter sentences, this fact alone provides no basis upon which the Court could conclude that Petitioner's sentence was either unfair or excessive.  Petitioner makes no specific claims regarding material in the report to which counsel should have objected, nor does he explain why counsel's failure to do so fell below an objective standard of reasonable representation.  Further, Petitioner makes no attempt to show a reasonable probability that

---

|     |                          |        |
|-----|--------------------------|--------|
| (D) | More than $350,000       | add 3  |
| (E) | More than $600,000       | add 4  |
| (F) | More than $1,000,000     | add 5  |
| (G) | More than $2,000,000     | add 6  |
| (H) | More than $3,500,000     | add 7  |
| (I) | More than $6,000,000     | add 8  |
| (J) | More than $10,000,000    | add 9  |
| (K) | More than $20,000,000    | add 10 |
| (L) | More than $35,000,000    | add 11 |
| (M) | More than $60,000,000    | add 12 |
| (N) | More than $100,000,000   | add 13 |

Case 5:05-cv-01418-JF   Document 3   Filed 07/25/06   Page 8 of 9

objections or amendments to the PSR would have been accepted by the Court or would have altered the outcome of his case.

G.   Failure to Call Witnesses on Petitioner's Behalf

Petitioner's ninth claim is that counsel was ineffective in failing to call witnesses on Petitioner's behalf at the sentencing hearing. However, because Petitioner's sentence was the result of a plea agreement pursuant to Rule 11(c)(1)(C), there was no role for witnesses to play at the hearing unless the Court was inclined to reject the plea agreement, and any departure from the agreed upon sentence without the consent of the parties would have invalidated the agreement.

H.   Failure to Appeal

Finally, Petitioner asserts that counsel failed to file a timely appeal to Petitioner's sentence. However, Petitioner expressly waived his right to appeal in the plea agreement.

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that George Eugene Patunas' motion to vacate, set aside or correct sentence is DENIED.

DATED: July 17, 2006

/s/ _____
JEREMY FOGEL
United States District Judge

8

Case No. CV 05-01418 JF/CR 01-20061-02 JF
ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
(JFEX2)

| | |
|---|---|
| 1 | This Order has been served upon the following persons: |
| 2 | Richard B. Mazer |
|   | Law Office of Richard Mazer |
| 3 | 99 Divisadero St |
|   | San Francisco, CA 94117 |
| 4 | richardbmazer@yahoo.com |
| 5 | George Eugene Patunas |
|   | 24102-050 |
| 6 | Federal Correctional Institution |
|   | P.O. Box 1000 - Camp |
| 7 | Fort Dix, New Jersey 08640 |
| 8 | John N. Glang |
|   | U.S. Attorney's Office |
| 9 | 150 Almaden Blvd., Suite 900 |
|   | San Jose, CA 95113-2009 |
| 10 | John.Glang@usdoj.gov |

Case No. CV 05-01418 JF/CR 01-20061-02 JF
ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
(JFEX2)